**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OfficeMax Incorporated., ) | No. CIV 07-226-TUC-CKJ (GEE) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Mercedes and Rudy Flores, wife and ) husband; Gregor Floyd and Rachel Floyd, ) husband and wife; and Business Furniture ) Solutions, Incorporated, a foreign ) corporation, d.b.a. Vanguard Legato ) Group, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the court is the plaintiff's motion to amend the complaint filed on November 27, 2007. [doc. # 67] The defendant, Business Furniture Solutions, Inc., filed a response. The plaintiff, Office Max, filed a reply.

Also pending is a Business Furniture Solutions' motion to strike the plaintiff's reply or, in the alternative, motion to permit a sur-reply. [doc. # 77] Office Max filed a response or, in the alternative, motion to permit a sur-reply. [doc. # 80]

The plaintiff, Office Max, claims its former sales agent, Mercedes Flores, fraudulently misappropriated its trade secrets when she left to work for one of its competitors, the defendant, Business Furniture Solutions. Office Max moves that the court permit it to amend the complaint pursuant to FED.R.CIV.P. 15 to include an additional defendant, Business Products Group, Inc., doing business as Business Resource Group (BRG).

1  The case has been referred to Magistrate Judge Edmonds for all pretrial matters
2  pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District
3  of Arizona.

### Discussion

6  "Once a responsive pleading has been filed, as is the case here, a party may amend the
7  party's pleading only by leave of court or by written consent of the adverse party; and leave
8  shall be freely given when justice so requires." *Roth v. Garcia Marquez*, 942 F.2d 617, 628
9  (9th Cir.1991) (internal punctuation removed). When deciding whether to grant the motion,
10 the court should consider four factors: bad faith, undue delay, prejudice to the opposing
11 party, and futility of the amendment. *Roth*, 942 F.2d at 628. "The denial of a motion for
12 leave to amend pursuant to Rule 15(a) is reviewed for abuse of discretion and in light of the
13 strong public policy permitting amendment." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th
14 Cir.1995) (internal punctuation removed), *cert. denied*, 516 U.S. 1051 (1996).

15 Office Max seeks to amend its complaint to add an additional defendant, BRG. In its
16 original complaint, Office Max named BRG as a defendant. After receiving assurances from
17 BRG's Chief Financial Officer that the company played no role in Flores' employment with
18 Business Furniture Solutions, Office Max amended its complaint and dropped BRG as a
19 defendant. Since that time, Office Max has discovered information indicating BRG might
20 be liable after all either directly or vicariously. Office Max moves that the court allow it to
21 amend the complaint to include BRG again as a defendant.

22 Business Furniture Solutions argues the amendment would be futile because Office
23 Max has not provided sufficient evidence to prove BRG is liable in this case. That may be
24 so, but this action is not yet at the summary judgment stage. Where discovery has yet to be
25 completed, a motion to amend should not be denied as futile unless the proposed claim would
26 not survive a motion to dismiss. *See Jones v. Community Redevelopment Agency of City of*
27 *Los Angeles*, 733 F.2d 646, 650-51 (9th Cir. 1984), *Shane v. Fauver*, 213 F.3d 113, 115 (3rd
28 Cir. 2000); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000);

*Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). That does not appear to be the case here. Accordingly,

IT IS ORDERED that the plaintiff's motion to amend the complaint filed on November 27, 2007, is GRANTED. [doc. # 67] The Clerk is instructed to file the lodged proposed Second Amended Complaint. [doc. # 69]

IT IS FURTHER ORDERED that Business Furniture Solutions' motion to strike or, in the alternative, motion to permit a sur-reply is GRANTED in PART. [doc. # 77] The filing will be treated as a sur-reply.

IT IS FURTHER ORDERED that Office Max's motion, in the alternative, to permit a sur-reply is GRANTED in PART. [doc. # 80] The filing will be treated as a sur-reply.

DATED this 5th day of February, 2008.

Glenda E. Edmonds
United States Magistrate Judge