**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OfficeMax Incorporated.,<br><br>    Plaintiff,<br><br>vs.<br><br>Mercedes and Rudy Flores, wife and husband; Gregor Floyd and Rachel Floyd, husband and wife; Business Products Group, Inc., a foreign corporation; and Business Furniture Solutions, Incorporated, a foreign corporation, d.b.a. Vanguard Legato Group,<br><br>    Defendants.<br>_____ | No. CIV 07-226-TUC-CKJ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the court is a motion to dismiss for failure to comply with discovery filed on February 29, 2008. The motion was filed by the defendant, Mercedes Flores, and joined by the remaining defendants. [docs. # 93, 99, 100, 117] The plaintiff, Office Max, filed a response, and the defendants, Flores and Business Furniture Solutions, filed separate replies.

    The plaintiff, Office Max, claims its former sales agent, Mercedes Flores, fraudulently misappropriated its trade secrets when she left to work for one of its competitors, the defendant, Business Furniture Solutions. Flores moves that the case be dismissed pursuant to FED.R.CIV.P. 41(b) because Office Max has failed to provide a damages calculation as required by FED.R.CIV.P. 26(a)(1)(A)(iii).

1  The case has been referred to Magistrate Judge Edmonds for all pretrial matters
2  pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District
3  of Arizona.

Discussion

Rule 41(b) permits a defendant to move for dismissal of the action "[i]f the plaintiff fails to . . . comply with these rules or a court order." FED.R.CIV.P. Dismissal, however, is a drastic sanction and should be imposed "only in extreme circumstance." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996). In deciding the motion, the court "must weigh several factors: [1] the public's interest in expeditious resolution of litigation; [2] the court's need to manage its docket; [3] the risk of prejudice to the defendants; [4] the public policy favoring disposition of cases on their merits; and [5] the availability of less drastic sanctions." *Id.* A dismissal will be upheld by the court of appeals if four factors favor dismissal or three factors "strongly" support dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Rule 26(a)(1)(A)(iii) requires each party to provide "a computation of each category of damages claimed by the disclosing party -- who must make available for inspection and copying . . . the documents . . . on which each computation is based. . . ."

OfficeMax filed its original complaint on May 17, 2007. It filed an amended complaint on May 25, 2007. It filed its second amended complaint on February 5, 2008. The second amended complaint contains 12 counts:

  (1) Violation of the Computer Fraud and Abuse Act., 18 U.S.C. § 1030
  (2) Breach of Contract
  (3) Breach of Duty of Loyalty
  (4) Unfair Competition
  (5) Breach of the Implied Covenant of Good Faith and Fair Dealing
  (6) Uniform Trade Secrets Act (A.R.S. 44-401)
  (7) Fraud
  (8) Conversion/Embezzlement
  (9) Tortious Interference with Contract/Economic Relations
  (10) Unjust Enrichment
  (11) Aiding and Abetting
  (12) Request for Injunctive Relief

1    In its initial disclosures, Office Max listed "Lost Sales" as one of its categories of
2 damages. (Flores' motion, Exhibit E.)  Office Max asserted sales to First Magnus "exceeded
3 $550,000." *Id.*  In its first supplement to its initial disclosures, Office Max asserted under
4 the category "Lost Sales" that Flores' sales to First Magnus were $569,477.73.  (Office
5 Max's response, Exhibit 5.)  Her sales to other Office Max customers were as follows:
6 AURA, $1,462.91;  Tucson Medical Center, $1,745.00;  Tucson Orthopedic Institute,
7 $1,332.69;  and Cross Town Traders, $375.38. *Id.*

8    In the instant motion, Flores argues Office Max's computation of damages is
9 insufficient. Flores maintains this suit was brought in large part because Office Max believed
10 the defendants would steal away one of its best customers -- First Magnus. (Flores' motion.)
11 Flores' total sales up to July 5, 2007, amounted to approximately $569,477.73. *Id.*, Exhibit
12 D.  Approximately 98 percent of these sales were made to First Magnus or its division,
13 Pinnacle. *Id.*  After subtracting Vanguard's costs of $453,113.33 and Flores' commission
14 of $29,091.10, Vanguard was left with a theoretical profit of $87,273.30. *Id.*  This profit was
15 only theoretical, however, because First Magnus declared bankruptcy shortly after the sales
16 were made and tendered only partial payment. *Id.*  Vanguard was left with a loss of
17 $117,000.00. *Id.*  Flores argues Office Max should clearly disclose what damages it is
18 seeking in light of this unusual turn of events.  The court tends to agree.

19    Where the plaintiff brings an action based on a misappropriation of trade secrets or
20 misuse of confidential information, the law recognizes three main categories of damages:
21 the defendant's net profits, the plaintiff's lost profits, and royalties. *See* Dan B. Dobbs, Law
22 of Remedies, § 10.5(3) (2nd ed. 1993). If Office Max intends to argue at trial it is entitled to
23 these damages, its disclosure is inadequate.  Office Max has disclosed only the defendant's
24 gross sales.  This disclosure does not adequately assert any of the three main damage
25 categories.

26    On the other hand, if Office Max believes it is entitled to the defendant's gross sales,
27 rather than the defendant's profits, its disclosure is entirely adequate.  Apparently, in one of
28 his communications, counsel for Office Max expressed the opinion that the defendant should

1 not benefit from First Magnus' bankruptcy. (Flores' motion, Exhibit D.) It is possible Office
2 Max believes the defendant should not benefit from its internal sales costs either.
3 Fortunately, the court need not guess the true nature of Office Max's theory of damages.
4 Assuming its disclosure is inadequate, the motion to dismiss pursuant to Rule 41(b) should
5 still be denied[1].

6 The court proceeds by analyzing the five *Dahl* factors.  *SeeDahl v. City of Huntington
7 Beach*, 84 F.3d 363, 366 (9th Cir. 1996).  The first factor, "the public's interest in expeditious
8 resolution of litigation," supports granting the motion. This factor, however, always supports
9 dismissal to some extent.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.
10 1999).  In this case, the action is almost one year old, but discovery is still in the beginning
11 stages.  This delay, however, is mostly due to the number of parties in the suit and the
12 number of attorney substitutions.  It is unclear how much of the delay is the result of the
13 plaintiff's failure to provide a proper computation of damages.  This factor favors the motion
14 but not strongly.

15 The court's analysis of its "need to manage its docket" yields a similar result.  This
16 factor also supports the motion but not strongly.

17 Flores concedes "the public policy favoring disposition of cases on their merits"
18 weighs against dismissal.

19 Contrary to Flores' argument, the court does not agree that Office Max's failure has
20 caused it significant prejudice.  Flores claims it is "unable to move forward with its defense
21 of this case, to obtain relevant discovery, or even to engage in settlement discussions. . . ."
22 (Flores' reply, p. 9.)  The court does not agree. The law of damages as it relates to this claim

---

[1] There is some authority that indicates a motion to dismiss for failure to provide discovery must be brought pursuant to Rule 37, not Rule 41(b). *See Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 1093 (1958). The court does not reach this issue because the parties did not brief it and, as a practical matter, it does not appear that the movant's burden under Rule 37 would be any lighter than it is under Rule 41(b). *See Ladien v. Astrachan*, 128 F.3d 1051, 1057 n. 5 (7th Cir. 1997).

- 4 -

1  is fairly straight forward. (see above) Flores could proceed on the assumption that Office
2  Max will claim the damages usual in this type of action. If subsequent disclosure by Office
3  Max indicates that Flores guessed wrongly, the rules allow her to file a motion seeking
4  payment by Office Max for the discovery or depositions that must be redone. In the
5  alternative, Flores could take Office Max at its word and assume it seeks gross sales as its
6  only measure of damages. She might reinforce her assumption by filing a motion precluding
7  Office Max from presenting at trial evidence relating to any other categories of damages. *See*
8  *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293-99 (2nd Cir. 2006). Office Max's failure
9  to disclose does not prevent Flores from moving forward with its defense.

10  Finally, the court finds less drastic sanctions are available. Flores could have moved
11  for an order compelling Office Max to comply with its duty to disclose by a date certain. In
12  the alternative, she could have filed a motion seeking to preclude Office Max from presenting
13  at trial evidence of damages inconsistent with its disclosure to date. (see above) Instead, she
14  chose to file a motion to dismiss the entire action. Contrary to Flores' argument, the court
15  finds less drastic sanctions are available.

16  Upon analyzing the five *Dahl* factors, the court finds three of them support the motion
17  to dismiss but not strongly. Accordingly, the motion should be denied. *See, e.g., Raiford v.*
18  *Pounds,* 640 F.2d 944, 945 (9th Cir. 1981) (Dismissal was improper where the case was not
19  quite one year old, the plaintiff filed her pretrial order twenty-two days after the second
20  deadline passed, the defendants claimed they were prejudiced by "anxiety" and the
21  "continued fading of their witness' memories," and lesser penalties were available.).

22
23
24  RECOMMENDATION:
25  The Magistrate Judge recommends the District Court, after its independent review of
26  the record, enter an order
27  Denying the defendant's motion to dismiss for failure to comply with discovery.
28  [docs. # 93, 99, 100, 117]

1  Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
2  10 days of being served with a copy of this Report and Recommendation.  If objections are
3  not timely filed, they may be deemed waived.
4  The Clerk is directed to send a copy of this Report and Recommendation to the parties
5  or their counsel.
6  DATED this 29th day of May, 2008.

Glenda E. Edmonds
United States Magistrate Judge